COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NOS.  2-08-248-CR

                                                2-08-249-CR

                                                2-08-250-CR

 

 

JARVIS PAUL MCKINNEY                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Jarvis Paul McKinney entered open pleas
of nolo contendere to two charges of possession with intent to deliver a
controlled substance, four grams or more but less than two hundred grams
(heroin),[2]
and to one charge of engaging in organized criminal activityCaggravated
assault with a deadly weapon.[3]  The trial court found him guilty of all three
charges and assessed punishment of fifteen years=
confinement for each conviction, to run concurrently.[4]

McKinney=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is
frivolous.  See Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We gave McKinney the opportunity to file a
pro se brief, and he has filed one.  In
addition, the State has filed a letter brief.[5]








As the reviewing court, we must conduct an
independent evaluation of the record to determine whether counsel is correct in
determining that the appeal is frivolous. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991); Mays v. State, 904 S.W.2d 920, 923 (Tex. App.CFort
Worth 1995, no pet.).  Only then may we
grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82B83, 109
S. Ct. 346, 351 (1988).  Because McKinney
entered open pleas of no contest, our independent review for potential error is
limited to potential jurisdictional defects, the voluntariness of McKinney=s pleas,
error that is not independent of and supports the judgments of guilt, and error
occurring after entry of the no contest pleas. 
See Monreal v. State, 99 S.W.3d 615, 619B20, 622
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666B67 (Tex.
Crim. App. 2000).

We have carefully reviewed the record, counsel=s Anders
brief,  McKinney=s pro se
brief, and the sealed presentence investigation report.  We agree with counsel that these appeals are
wholly frivolous and without merit.  We
find nothing in the record that might arguably support the appeals.  See Bledsoe v. State, 178 S.W.3d 824,
827B28 (Tex.
Crim. App. 2005).  We therefore grant
counsel=s motion
to withdraw and affirm the trial court=s
judgments.

 

PER
CURIAM

 

PANEL: MCCOY, LIVINGSTON,
and DAUPHINOT, JJ. 

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.112(d) (Vernon
2003).





[3]See Tex. Penal Code Ann. ' 71.02(a)(1) (Vernon
Supp. 2008).





[4]The punishment range for
each of these offenses is confinement for life or for any term of not more than
ninety-nine years or less than five years, and up to a $10,000 fine.  See Tex. Penal Code Ann. ' 12.32 (Vernon
2003).





[5]The State=s letter brief indicates
only that it agrees with McKinney=s counsel that there is no reversible error and
that it will not reply to McKinney=s pro se brief.